UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | | |
|---|---|---|
| Sheila Martin | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.    6:13-cv-00088 |
| | ) | |
| Cavalry SPV I, LLC | ) | |
|     *Defendant* | ) | |
| | ) | |

Plaintiff files her First Amended Complaint under Fed. R. Civ. P. 15(a)(1). While Plaintiff filed her initial complaint more than 21 days prior to this amended complaint, Plaintiff has not yet served Defendant with the summons and complaint. Consequently, this First Amended Complaint is properly filed as a matter of course.

**FIRST AMENDED CLASS ACTION COMPLAINT and**
**DEMAND FOR JURY TRIAL**

INTRODUCTION

1.      This is an action by a consumer seeking damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, and for recovery of usurious interest imposed and collect by Defendant.

2.      Defendant, Cavalry SPV I, LLC ("Cavalry"), violated the FDCPA by attempting to collect and actually collecting from Ms. Martin the stated usurious interest of 21.99% per annum on a charged-off Lowes-branded credit card debt originally issued by GE Capital Retail Bank. 21.99% interest is grossly in excess of the legal rate of interest of 8% set forth in KRS 360.010.

Cavalry also attempted to collect interest from Ms. Martin that had been waived by the original creditor. An assignee of the credit card debt, the original creditor waiver of interest was binding on Cavalry. Collecting and attempting to collect interest not permitted by law is an express violation of the FDCPA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff requests the Court to take supplemental jurisdiction over her intertwined state-law claim under 28 U.S.C. § 1367.

## PARTIES

4. This action is brought by Plaintiff on behalf of herself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

5. Plaintiff, Sheila Martin, is a natural person who resides in Whitley County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry SPV I, LLC, is a foreign limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

7. Cavalry regularly collects or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

7. Cavalry filed suit against Ms. Martin in Whitley County District Court on January 11, 2013. (A copy of Cavalry's complaint is attached as Exhibit "A").

8. Cavalry's lawsuit was an attempt to collect a charged-off credit card debt, originally issued by GE Capital Retail Bank branded as a Lowe's credit card ("Lowes").

9. Ms. Martin recalls having a Lowes credit card, which she used to purchase goods and services used for personal and household purposes.

10. Cavalry's lawsuit was an attempt to collect a "debt" from Ms. Martin within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

11. After she was served with a copy of the summons and complaint, Ms. Martin contacted Cavalry's counsel.

12. Ms. Martin and Cavalry reached a settlement agreement whereby Ms. Martin agreed to pay $75.00 a month until the debt was satisfied.

13. As of March 29, 2013, Ms. Martin made payments of $150.00 per the terms of the parties' settlement agreement.

14. Contrary to the express terms of the parties' settlement agreement, Cavalry moved for default judgment against Ms. Martin on April 4, 2013.

15. Cavalry's Motion for Default Judgment states that "[t]he amount of the original obligation for which suit was filed is $806.50, plus accrued interest of $527.37 through November 19, 2012." (A copy of the Motion for Default is attached as Exhibit "B").

16. Cavalry attached an "Affidavit of Claim" to its Motion for Default Judgment. (A copy of the Affidavit of Claim is included in Exhibit "B").

17. The Affidavit of Claim establishes that the accrued interest demanded by Cavalry

in its Complaint and in its Motion for Summary Judgment was based on the usurious rate of 21.99%.

    18.    Paragraph 4 of the affidavit avers:

> As of 11/19/2012, the balance due and owing by the account holder(s) on the account was $1,378.87, which balance is comprised of 4806.50 of principal balance and $527.37 . . . of other charges. The principal balance continues to accrue interest at a rate of 21.99%.

    19.    The legal rate of interest under Kentucky law is 8.00% per annum. KRS 360.010.

    20.    The maximum interest rate permitted for a revolving credit plan under Kentucky law is 21% per annum. KRS 286.3-740.

    21.    The 21.99% in accrued interest demanded by Cavalry exceeds any Kentucky interest rate that would be applicable to Cavalry's claims against Ms. Martin.

    22.    The 21.99% in accrued interest demanded by Cavalry is usurious under Kentucky law.

## CLASS ALLEGATIONS

    23.    Plaintiff, Sheila Martin, brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

    24.    These persons comprise all persons from whom Defendant, Cavalry SPV I, LLC, or its agents, employees, or representatives (including but not limited to its attorneys of the law firm of record in this case: Lloyd & McDaniel, PLC):

**I.**    **Subclass A:**

    (a)    brought suit in an attempt to collect a debt in which Cavalry demanded and/or including accrued interest exceeding 21.00% per annum;

    (b)    sent a dunning letter in an attempt to collect a debt in which Cavalry demanded and including accrued interest exceeding 21.00% per annum; and

   (c) attempted to collect any debt that included a demand for interest that exceeded 21.00% per annum.

 **II.** **Subclass B:**

   (a) collected any payment for any debt that included a demand for interest that exceeded 21.00% per annum.

25. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the class for Cavalry's violation of the FDCPA and demands return of all usurious interest payments plus double the amount of usurious interest paid pursuant to KRS 360.020.

26. The class so represented by Plaintiff, Sheila Martin, in this action, and of which she himself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

27. Plaintiff's claims are typical of the claims of both subclasses.

28. There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether Cavalry has collected, attempted to collect, or sued to collect usurious interest from each member of the class.

29. There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

30. Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

31. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

32. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

33. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

34. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Counter-Defendant.

35. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

36. The identity of each individual member of the class can be ascertained from the books and records maintained by Counter-Defendant.

37. Because many of the persons sued and/or sent a dunning letter by Cavalry SPV I, LLC may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**Claims for Relief**

**I.	Violation of the Fair Debt Collection Practices Act**

38.	The foregoing acts and omissions of Cavalry constitute violations of the FDCPA, including, but not limited to:

(a) Violation of 15 U.S.C. § 1692f(1): Cavalry attempted to collect a debt that is not permitted by contract or law by, including but not limited to, attempting to recover usurious interest and/or attempting to recover interest that the original creditor affirmatively or necessarily waived *before* original creditor sold the debt to Cavalry;

(b) Violation of 15 U.S.C. § 1692e(2)(A): Cavalry falsely representing the character, amount, and/or legal status of the debt by, including but not limited to, attempting to recover usurious interest and/or attempting to recover interest that the original creditor affirmatively or necessarily waived *before* original creditor sold the debt to Cavalry; and

(c) Violation of 15 U.S.C. § 1692e(5): Cavalry threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to, attempting to recover usurious interest and/or attempting to recover interest that the original creditor affirmatively or necessarily waived *before* original creditor sold the debt to Cavalry;

**II.	Usury**

39.	The 21.99% interest demanded by Calvary in its Complaint against Ms. Martin is usurious under KRS 360.010.

40.	The settlement payments Cavalry collected from Ms. Martin include usurious interest at the rate of 21.99%.

41.	Consequently, Calvary has forfeited its right to recover any interest from Ms. Martin pursuant to KRS 360.020.

42.	Under KRS 360.020, Ms. Martin is entitled to recovery of all interest paid to Cavalry and recovery of twice the amount of usurious interest paid by her or a total of $450.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Sheila Martin, requests the Court grant her relief as follows:

a. The maximum amount of statutory damages for each member of the class provided under 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs;

c. Recovery of all usurious interest paid and collected by Cavalry;

d. Recovery of twice the amount of all usurious interest paid and collected by Cavalry;

e. A trial by jury; and

f. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney PLC*
10600 Timberwood Circle Suite 1
Louisville, KY 40223
jmckenzie.j5@gmail.com
Tel:   (502) 371-2179
Fax:   (502) 214-3121

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com